IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |
|---|---|
| EMERSON S. VENTURA-MARTINEZ,<br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI, *et al*.,<br>*Respondents*. | 1:25-cv-02228-MSN-WBP |

<u>ORDER</u>

Emerson S. Ventura-Martinez ("Petitioner") has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that DHS's invocation of the automatic stay of his release pursuant to 8 C.F.R. § 1003.19(i)(2), after an Immigration Judge ("IJ") ordered him released on bond, violates his right to due process (Count I) and his right to be free from cruel and unusual punishment (Count II).

Petitioner is currently detained at the Farmville Detention Center, in Farmville, Virginia. ECF 1 ¶ 1. He has sued Pamela Bondi, the Attorney General; Kristi Noem, the DHS Secretary; and Russel Hott, the Field Office Director of ICE's Enforcement and Removal Operations (collectively "Federal Respondents"). *Id*. at 1. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center. *Id*.

In response to the Court's Order of December 5, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025) (E.D. Va.). ECF 4. Accordingly, the Court incorporates the filings from

*Quispe-Ardiles* into this case and for the reasons that follow, the Court will grant the Petition as to Count I.[1]

### I.    BACKGROUND

Petitioner is a citizen of El Salvador. ECF 1 ¶ 34. He entered the United States without inspection in 2023 and has resided in the United States since that time. *Id.* at ¶ 35. Petitioner is currently a high school student and has a one-year-old daughter who is a U.S. citizen. *Id.* at ¶ 36. He also has a pending family-based I-130 Petition for Alien Relative that his father, who is a lawful permanent resident, filed on his behalf. *Id.* at ¶ 37.

Petitioner alleges that on August 19, 2025, he and a group of friends stopped at 7-Eleven for coffee. *Id.* at ¶ 39. When they got back in the car and began to drive, eight vehicles surrounded their car. *Id.* Several individuals then began banging on the windows and ordering everyone inside to open the car doors. *Id.* After Petitioner opened the door, an officer "shoved him against the vehicle, and handcuffed him" without offering the officer's identity or "a single word of explanation." *Id.* at ¶ 40. Petitioner tried to explain that he had a pending application for legal immigration status, but officers "yelled at him" to "shut up" and forced him into a van. *Id.* at ¶ 41. Officers then held Petitioner in the van for "several hours" while they waited to detain additional individuals. *Id.* at ¶ 42. Petitioner alleges that "[o]nly after ICE filled the van did they transport him to a detention center." *Id.*

On August 25, 2025, Petitioner filed a motion for custody redetermination with the Immigration Court. *Id.* at ¶ 45. An IJ held a bond hearing on September 3, 2025, and granted Petitioner release from custody on bond in the amount of $1,500. *Id.* at ¶ 45; ECF 1-4. DHS then appealed the decision and invoked the automatic stay of Petitioner's release pursuant to 8 C.F.R.

---

[1]    Because the Court grants the Petition as to Count I, it need not address Petitioner's claims in Count II.

§ 1003.19(i)(2). *See* ECF 1 ¶ 45. Petitioner has remained detained at the Farmville Detention Facility since. *Id.* at ¶ 46.

## II.    ANALYSIS

The first question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process.

Federal Respondents argue that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Federal Respondent's Mem. In Opp. to Petitioner's Petition for a Writ of Habeas Corpus at 13-16, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025) (ECF 6). They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory

---

[2]      *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly two years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1).

Having determined that Petitioner's detention is governed by § 1226(a), the Court concludes that DHS's invocation of the automatic stay of his release on bond under 8 C.F.R. § 1003.19(i)(2) violates his right to substantive and procedural due process under the Fifth Amendment to the U.S. Constitution. Here too, the Court adopts and incorporates its reasoning in *Quispe-Ardiles*, 2025 WL 2783800, into this Order. As explained in *Quispe-Ardiles*, "the automatic stay regulation allows DHS to unilaterally detain a person, even after an IJ makes an individualized finding that a person does not pose a threat to the safety of others or a risk of flight."

2025 WL 2783800, at *8. "This is the precise kind of arbitrary detention that the Due Process Clause guards against." *Id.* The automatic stay further violates Petitioner's right to procedural due process given Petitioner's significant liberty interest in his release, the substantial danger that the automatic stay will erroneously deprive him of liberty, and the lack of government interest in his continued detention. *Id.* at *10.

Because Petitioner's continued detention violates his right to due process, he is entitled to immediate release. *See Quispe-Ardiles*, 2025 WL 2783800, at *10.

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED as to Count I, and it is hereby

ORDERED that Petitioner be released from custody on the bond that was set on September 3, 2025, no later than 4:00 pm on Wednesday, December 10, 2025, with all his personal property; and it is further

ORDERED that Petitioner's counsel immediately provide the Court and Federal Respondents with a fixed address for Petitioner's release so that DHS may notify him of future proceedings[3]; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

---

[3] Petitioner should redact personal identifiers or file those documents under seal.

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

December 10, 2025
Alexandria, Virginia